UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| | § | 3:25-CR-00222-S-2 |
| v. | § § | |
| MUHAMMAD NASIR | § § | |

### RESPONSE TO GOVERNMENT'S MOTION TO DETAIN

The Government filed a Motion For Detention pursuant to 18 U.S.C. §3142(f)(2)(A) and (B). The Government cited "Serious risk defendant will flee" and "Serious risk obstruction of justice" as the reasons for eligibility for a detention order. The Government further alleged in its motion that there are no conditions of release which will reasonably assure "Defendant's appearance as required" and "safety of any person and the community."

The alleged crimes are not one of the five serious crimes enumerated in 18 U.S.C. §3142(f)(1). Accordingly, in such cases, the detention may be granted after a hearing *only* if the Government can establish that the defendant poses a serious risk of flight or a serious risk of obstruction of justice under § 3142(f)(2)(A) or (B).

I.

Serious Risk Of Flight

The risk of flight referenced in the §3142(f)(2)(A) is a "serious" risk of flight. "Serious" has a plain meaning. *See Black's Law Dictionary* at [*12] 1367 (defining "serious" as "important, weighty,
momentous, grave, great"); *see also Alvarenga-Canan,* No. 1:23-cr-00042-BLW, Tr. at 45 (Dkt. 26) (serious risk of flight is "something more than your garden-variety defendant, a weighty, substantial risk and not inconsequential and not average."). Taken together, then, a "serious risk of flight" under §3142(f)(2)(A) is a great risk - beyond average - that the defendant will intentionally and actively move within or outside the jurisdiction to avoid court proceedings or supervision.

The question whether there is a serious risk that the defendant will 'flee' is also distinct

1

from inquiry whether conditions of release will reasonably assure the defendant's 'appearance' as required. *United States v. Gibson*, 384 F. Supp. 3d 955, 965 (N.D. Ind. 2019). To satisfy "serious risk of flight" there must be evidence, not conjecture, that the defendant will intentionally and volitionally flee.

II.

Serious Risk of Obstruction

A. Burden of Proof

As to the burden of proof necessary to show "serious risk of obstruction" the Court in *United States v. Lamar*, 600 F. Supp. 3d 714 is instructive:

> "Most courts appear to agree that the burden of proof for "serious risk of obstruction" is by clear and convincing evidence. See, e.g., Leon, 766 F.2d at 81; United States v. Dodge, 842 F. Supp. 643, 645-46 (D. Conn.), aff'd as modified [**10], 846 F. Supp. 181 (D. Conn. 1994); United States v. Dinunzio, No. CRIM. 08-10094-WGY, 2008 U.S. Dist. LEXIS 119271, 2008 WL 2148754, at *1 (D. Mass. May 20, 2008); United States v. Robertson, 608 F. Supp. 2d 89, 90 (D.D.C. 2009); United States v. Zrallack, No. 3:10CR68 (JCH), 2010 U.S. Dist. LEXIS 65988, 2010 WL 2682527, at *3 (D. Conn. July 2, 2010); United States v. Brown, No. CRIM. 87-00296-04, 1987 U.S. Dist. LEXIS 11519, 1987 WL 28095, at *2 (E.D. Pa. Dec. 14, 1987); DeGrave, 539 F. Supp. 3d at 198 (distinguishing between flight/preponderance cases and danger/clear and convincing cases, with obstruction falling into the latter set). But see United States v. Campos, No. 19-CR-575-2 (FB), 2019 U.S. Dist. LEXIS 219942, 2019 WL 7049953, at *1 (E.D.N.Y. Dec. 23, 2019); United States v. Luton, No. 19-CR-00098-CMA, 2019 U.S. Dist. LEXIS 89436, 2019 WL 2272792, at *7 (D. Colo. May 28, 2019); United States v. Mehanna, 669 F. Supp. 2d 160, 160 (D. Mass. 2009).
>
> The Court has not found persuasive, in-depth case analysis supporting the latter (ostensibly minority) view. In particular, the clear convincing standard is necessary given the BRA's correlation of flight issues with a preponderance standard and danger issues, to include obstruction, with a clear and convincing standard. And, in any event, the parties—permitted to supplementally brief the issue and develop the record on their respective positions—do not disagree. For these reasons, the Court perceives the most

2

precise framing of its BRA inquiry in this posture as evaluating whether the United States has shown by clear and convincing evidence that no conditions could reasonably assure that Lamar would not endanger the community by posing a serious risk of attempting to obstruct justice if released. The Court tailors its analysis accordingly."

In the Lamar case the Government agreed in its briefing with the Court that the burden for "serious risk of obstruction" is clear and convincing evidence.

## B.
## Future Conduct

The federal bail statute "by its nature, is always looking forward." United States v. Madoff, 586 F. Supp. 2d 240. "The question is not simply whether [the defendant's past] actions can be considered obstruction, but whether there is a *serious* risk of obstruction in the future." *Id.* And whether conditions could be set to reasonably protect the community from this alleged form of obstruction. In United States v. Madoff, 586 F. Supp. 2d 240 the court held that, even if there were obstruction before arrest, and even if there remained potential for obstruction in the future, the government failed to demonstrate that no conditions could be set to reasonably protect the community from this form of obstruction. The risk must be shown by clear and convincing evidence to be "serious" to the point that no set of conditions could lessen the risk, and perhaps simply lessen the risk below "serious."

## III.
## Pretrial Services Report

The pretrial services report is excellent and recommends release. However, there are inconsistencies in the report that should be cleared up. As to his marriage, Mr. Nasir was married Islamically in October of 2019, this is the Islamic wedding date. He and his wife were married under Texas law on February 19, 2020 (marriage license attached.) Both statements were correct.

Mr. Nasir does not have unexplained assets. His salary with Reliable Ventures was, per his last 1040 filed with the IRS, roughly $10,000 a month as he reported. In actuality it was $10,375 per month. When one has been arrested and is interviewed in a cage one might round off. Mr. Nasir's 1040 also shows an adjusted gross income of $520, 212 as his wife reported. He reported his salary; she reported his total income which includes investment income. Both statements were true.

As to Mr. Nasir's education, Mr. Nasir's wife was incorrect about her husband having three master's degrees. The fact is that he is one course shy of obtaining his third master's degree.

IV.

Conclusion

Mr. Nasir is not a flight risk, nor does he pose a risk of obstruction, let alone to a "serious" level. He took proactive measures to meet with the Government concerning these allegations, he did not flee. His family ties are in our community. His wife and children (all citizens of the USA) reside in our community. He will not leave them. He owns property in our community. He merely stands charged by indictment as do thousands of people in our country who are on pretrial release in federal court or on bond in state courts. He poses no danger to the community and has no criminal history. He stands innocent and is presumed innocent. Pretrial detention would severely affect and oppress his ability to defend himself, especially considering that he could be housed in another state or counties away, with extremely limited ability to consult with his attorney(s).



Respectfully submitted,

*s/ Tim Menchu*
Tim Menchu
Northern District of Texas
Texas Bar No. 00791247
2603 Oak Lawn Ave, Ste 200
Dallas, Texas 75219
214.766.1394
timmenchu@gmail.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2025, a copy of the foregoing was delivered to Tiffany Eggers, Assistant United States Attorney.

*s/ Tim Menchu*
TIM MENCHU,

5