IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.  3:25-CR-222-S |
| v. | |
| ABDUL HADI MURSHID (01) | |

# GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT MURSHID'S MOTION TO COMPEL DISCOVERY (DKT. 49)

The government has complied with and will continue to comply with its disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure, Local Criminal Rule 16.1, and the Court's Pretrial Order, Dkt. 20, by making discovery available to the defense for inspection, copying, or photographing, as to most every category of materials in its possession, even some that are not necessarily discoverable.  Here, as in most cases in this District, the government has gone well beyond the requirements under these rules by agreeing to a Protective Order and providing copies of most of the records to the defense in electronic format consistent with the terms of that Protective Order.  (Dkt. 46).

Nonetheless, the government has made a small portion of the discovery in this case, 34 documents, consisting of tax returns for individuals and entities *other than the defendants* and credit reports for individuals *other than the defendants or their relatives*, available for in-house review at the U.S. Attorney's Office in Dallas.  The population available for in-house review includes only 34 documents totaling 371 pages out of a universe of over 13,000 documents.

The government has reviewed defendants' Motion to Compel Discovery (Dkt. 49) and contends that it has complied and continues to comply with its discovery obligations. Thus, the defendant's motion should be denied.

### A. Background

On May 21, 2025, a Federal Grand Jury returned the indictment in this case charging 17 counts, including Conspiracy to Commit Visa Fraud and to Defraud an Agency of the United States; substantive counts of Visa Fraud; Conspiracy to Commit Money Laundering; RICO Conspiracy, and False Naturalization. (Dkt. 1). The Court entered a Pre-Trial Order on May 27, 2025, ordering the government to provide full discovery in accordance with FED. R. CRIM. P. 16(a) on or before June 10, 2025. (Dkt. 20).

On May 27, 2025, following defendant Murshid and Nasir's initial appearance, the government began engaging defense counsel about the need for a protective order in this case, and at the same time notified counsel that a 40GB or larger external drive would be necessary due to the quantity and nature of discovery. Although the negotiation of the proposed protective order was not complete, on June 8, 2025, the government disclosed its 1st discovery production to notify counsel that those materials were available to counsel in anticipation of a Protective Order being entered by the Court. The government's 1st production included items marked as Bates GOV_00000001 through GOV_00110082 that were identified on an Excel indices that were provided to counsel.

The next day, June 9, 2025, the government sent its second discovery letter to counsel explaining that certain documents had been made available for counsel to review

at the U.S. Attorney's Office, referred to as in house review 1st production. Attached hereto as Exhibit A is a copy of the government's June 9, 2025 letter with the index that identified 34 items that were available for viewing at the U.S. Attorney's Office. The attached index has been redacted because it identifies uncharged individuals, but defense counsel was provided with an unredacted index.

On June 10, 2025, the Court entered a Protective Order governing discovery in this case. (Dkt. 46). Counsel for defendant Murshid now moves to compel, asking the Court to order the government to provide counsel with the 34 items identified in the June 9, 2025, index. (Dkt. 49). In support of the Motion to Compel, the defendant claims that the government has identified "large swaths of the discovery that will not be copied to Counsel's hard drive," says the 34 items are "highly probative" and "material" to the charged case and are "likely to be used in the Government's case in chief." (Dkt. 49 at pgs. 2). The defendant continues by stating that he does not see why the "government's attorneys may possess certain documents while defendants' attorneys may not." (Dkt. 49 at pg. 4). For the reasons explained below, the government asks the Court to deny the defendant's Motion to Compel in its entirety or at the very least until defense counsel has attempted to view the materials so he can determine that they are actually relevant, rather than surmising such without having attempted to view the documents.

B. *Legal Framework*

Under Rule 16, the government is required to permit, upon request, the defendant to "inspect and to copy or photograph" documents "within the government's possession, custody, or control" and that are "material to preparing the defense," will be used in the

Government's Response in Opposition to Defendant's
Motion to Compel Discovery – Page 3

Government's case-in-chief, or were obtained from the defendant. FED. R. CRIM. P. 16(a)(1)(E). The government is not required produce copies of documents to the defense in electronic format to ease their review of materials and may make materials available to defense counsel for review at a place convenient for the government. *See United States v. Arthur*, 51 F.4th 560, 566 (5th Cir. 2022) (affirming district court's order stating, in part, that the government complied with Fed. R. Crim. P. 16(a)(1)(E) by making discovery available for defendant to review at an FBI office). Nor is the government required to provide documents (1) that are not material to preparing the defense; (2) that will not be used in the government's case in chief; or (3) that were not obtained from the defendant. FED. R. CRIM. P. 16(a)(1)(E).

### C. Analysis

**1. Making documents available for in-house review is consistent with, the *NDTX Standard Protocol for Discovery in Criminal Cases* and Federal Rule of Criminal Procedure 16.**

In his Motion to Compel, defense counsel acknowledges that Rule 16(a)(1)(E) only requires the government to permit the defendant to inspect and copy discovery materials. (Dkt. 49at pg. 3)(" Pursuant to Rule 16(a)(1)(E), the government must permit the defendant to inspect and to copy discovery documents if the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial."). Instead, counsel argues that the government *should* produce the records presently available for in-house review because it has produced other records consistent with the *NDTX Standard Protocol for Discovery in Federal Criminal Cases*.

As an initial matter, the *NDTX Standard Protocol for Discovery in Criminal Cases* does not confer any additional legal rights for criminal defendants. *See NDTX Standard Protocol for Discovery in Criminal Cases* at n. 1 ("This discovery/best practices guidance is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal. The guidance does not alter the parties' discovery obligations or protections under the U.S. Constitution, the Federal Rules of Criminal Procedure, the Jencks Act, or other federal statutes, case law, or local rules, and may not serve as a basis for allegations of misconduct or claims for relief.")

Second, making discovery materials available for in-house review explicitly satisfies the requirements of Fed. R. Crim. 16(a)(1)(E), as counsel acknowledges in his motion. Under the rule, the government is required "to disclose" certain information, including (1) a defendant's oral statement; (2) a defendant's written or recorded statement; (3) certain statements made by directors, officers, employees, or agents of an organizational defendant; (4) the defendant's prior record; (5) certain tangible documents and objects; (6) reports of examinations or tests; and (7) summaries of expert witness testimony. FED. R. CRIM. P. 16(a)(1)(A)-(G). Rule 16(a)(1)(E) provides that the government must "permit the defendant to copy or photograph" documents upon request. Fed. R. Crim. P. 16(a)(1)(E). Requiring the defendant to review certain materials in-house satisfies that requirement. *Arthur*, 51 F.4th at 565.

Third, the government has exceeded its Rule 16 obligations by even making the documents available because many are not material to the defense and were not obtained

from the defendant. Regarding materiality, "it is incumbent upon a defendant to make a Prima facie showing of 'materiality' in order to obtain discovery . . . " *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978). Materiality "requires some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *United States v. Reeves*, 892 F.2d 1223, 1226 (5th Cir. 1990) (quotation omitted). In determining materiality, "[t]he extensiveness of the material which the Government did produce, and the availability of the disputed material from other sources, including the defendant's own knowledge, must also be considered." *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975).

Here, the 34 documents available for in-house review consist of certain tax returns for individuals and entities other than the defendants and credit reports for individuals other than the defendants. Counsel states that these documents are "highly probative," but has provided no evidence to satisfy his prima facie burden of showing that this information is material to the defense in this case. *Buckley*, 586 F.2d at 506. Counsel must offer more than "conclusory arguments" on materiality and show that the information sought bears more than "some abstract logical relationship to the issues in the case." *Ross*, 511 F.2d at 762–63. However, in the interest of providing a complete record, the government has exceeded its Rule 16 responsibilities by making these documents available for counsel's review.

> **2. Keeping tax returns for individuals and entities other than the defendants in-house is consistent with 26 U.S.C. § 6103.**

In his Motion to Compel, the defendant argues, the government "has not articulated any reason why defense counsel cannot be trusted to safely maintain their own copies of the items in questions." (Dkt. 49 at pg. 3). Title 26 U.S.C. § 7431(a) creates a right of action against the United States if a federal employee or official knowingly or negligently violates the confidentiality provisions of 26 U.S.C. § 6103. While Section 6103, concerns tax returns obtained by the government directly from the Internal Revenue Service, pursuant to an § 6103, § 6103 states in relevant part:

> Returns and return information shall be confidential, and except as authorized by [the Internal Revenue Code], no officer or employee of the United States ... shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise under the provisions of this section.

Under the statute, a tax return may be disclosed "to the extent required by order of a court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title." 26 U.S.C. § 6103(h)(4)(D).

Here, the government has disclosed the third-party tax returns it obtained, not through a § 6103 Order, but through the investigation, by making them available for in-house review. Nonetheless, given the sensitivity and caution required in disclosing federal tax returns, the government was not inclined to provide copies outside of its office, but rather make them available for in house review.

### 3. The Credit Reports for individuals other than the defendants are not discoverable under Rule 16.

The credit reports of individuals other than the defendants are not material, not intended to be used in the government's case in chief, and were not obtained from the defendant. FED. R. CRIM P. 16(a)(1)(E). Nevertheless, the government has made these records available for in-house review to provide a complete record for the convenience of defense counsel. Additionally, these reports contain sensitive information regarding potential witnesses in this case, and should not be produced as copies.

### 4. The U.S. Attorney's Office provides sufficient facilities for in-house review of discovery.

In his Motion to Compel, the defendant argues that "viewing discovery material at the U.S. Attorney's Office is impractical at best and futile at worst." (Dkt. 49 at pg. 3). Specifically, counsel for the defendant states that in past cases, the U.S. Attorney's Office provided him with "one outdated computer that operated at a snail's pace" and that he "was expected to view the files . . . without the assistance of any word processing or search tools." *Id.*

While the undersigned cannot speak to counsel's experience, the U.S. Attorney's Office for the Northern District of Texas approximately 2 years ago, the dedicated an entire room in its office to facilitate the in-house review of discovery material. That is, for the approximate past two years, the U.S. Attorney's Office has provided a room with four standalone computers each with large-screen dual monitors. Below are photos of the room the U.S. Attorney's Office uses for the review of discovery.





With regard to the defendant's concern about the lack of word processing software, the 34 documents are PDFs. Therefore, use of a word processing program is not particularly helpful; however, the computers will be loaded with the government's Eclipse software, which includes a search function and will facilitate an efficient review of the 34 documents. In contrast to counsel's assertions, the government is ready to provide functional facilities to review the materials held in-house.

## Conclusion

The government has complied and, in fact, has exceeded its discovery obligations. Given the limited scope and sensitivity of the material held in-house, the Court should deny the defendant's request to compel production of the materials in this case.

Respectfully submitted,

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

s/ *Edward L. Hocter*
EDWARD L. HOCTER
Assistant United States Attorney
Texas State Bar No. 24121668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel:    214-659-8600
Fax:   214-659-8805
Email: Ted.Hocter@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on June 18, 2025, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a Notice of Electronic Filing notices to parties who have consented in writing to accept this Notice as service of this document by electronic means.

      *s/ Edward L. Hocter*
      EDWARD L. HOCTER
      Assistant United States Attorney