IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.   3:25-CR-222-S |
| v. | |
| ABDUL HADI MURSHID (01)<br>MUHAMMAD SALMAN NASIR (02)<br>LAW OFFICES OF D.  ROBERT Jones PLLC (03) | |

### PARTIES' JOINT MOTION FOR DESIGNATION AS COMPLEX CASE, AND TOLLING OF SPEEDY TRIAL PROVISIONS, AND MOTION FOR CONTINUANCE

The United States of America, through the undersigned Assistant United States Attorneys, and defendants Abdul Hadi Murshid, Muhammad Salman Nasir, and The Law Offices of Robert D. Jones, (collectively the "Parties") respectfully submit this Agreed Motion to have this case designated as complex under the provisions of 18 U.S.C. § 3161(h)(7)(B)(ii).  The Parties additionally file a motion for a continuance of at least 100 days from the current trial setting of July 28, 2025.  (Dkt. 20).

### I.      BACKGROUND

On May 21, 2025, the grand jury returned a 17-count indictment in the above-captioned case charging the defendants (two individuals and two corporations) with Conspiracy to Commit Visa Fraud, Visa Fraud, Money Laundering Conspiracy, RICO Conspiracy, and Unlawful Procurement of Citizenship.  (Dkt. 1).   The conduct underlying the indictment is alleged to have occurred over a seven and one-half year period.  (*Id*.).

**Parties' Joint Motion for Designation as**
**Complex Case, Tolling of Speedy Trial Provisions, and Motion to Continue – Page 1**

## II.    ARGUMENT

The Speedy Trial Act, 18 U.S.C. § 3161, et seq., requires that federal criminal defendants pleading not guilty be tried within 70 days of their indictment or their first appearance before a judicial officer, whichever occurs last. 18 U.S.C. § 3161(c)(1); *United States v. Kingston*, 875 F.2d 1091, 1107 (5th Cir. 1989). If the defendant is not brought to trial within this period, then the indictment must be dismissed. 18 U.S.C. § 3162(a)(2). The Act, however, excludes from the calculation of this 70-day period certain specified delays, including:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay ... shall be excludable ... unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Fifth Circuit counsels that courts granting an "ends of justice" continuance must consider at least one of the factors specified by the Act. *United States v. Ortega-Mena*, 949 F.2d 156, 159 (5th Cir. 1991). The factors applicable to this case include:

> (i) Whether the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice; (18 U.S.C. § 3161(7)(B)(i));

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established [by the Speedy Trial Act]; and

(iii)  Whether the failure to grant such a continuance which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would ... deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(7)(B)(i), (ii) & (iv).

In this case, the Parties seek a designation of the case as "unusual and complex." While the visa fraud, money laundering, and RICO schemes alleged in the indictment are not overly complex, as noted above, the charged conduct is alleged to have occurred over approximately a seven and one-half year period and involved myriad of third-party businesses.  Further, in total, defendants Abdul Hadi Murshid, Muhammad Salman Nasir, the Law Offices of D. Robert Jones, and Reliable Ventures, Inc. have been tied to approximately 1,500 noncitizens applying for immigration benefits.  As a result, the discovery in this case is voluminous.  The Parties allege that the interwoven nature of the alleged scheme makes it more complex than a standard visa fraud investigation.

Additionally, as noted above there is a substantial body of discovery in this case, including, but not limited to hundreds of reports of investigation, Alien files (A-files), video/audio recordings of interviews, forensic reports for electronic devices, financial records, phone records, email account returns, among other items.

In addition to the discovery already produced, on May 22, 2025, the Federal Bureau of Investigation executed a search warrant at the Law Offices of D. Robert Jones (03).  (3:25-MJ-522-BT).  Agents collected approximately 221 boxes of documents and

multiple electronic devices in connection with this investigation.  The documents are in the process of being scanned.

Additionally, counsel for defendant Abdul Hadi Murshid has claimed attorney-client privilege over communications with over 1,700 individual contacts in defendant Abdul Hadi Murshid's personal telephone, which was seized May 22, 2025.  Murshid is not an attorney, and any privilege held, other than with Murshid's own lawyer(s), would be held by the contacts, and not Murshid.  Nonetheless, investigators immediately ceased reviewing the phone, and a filter team has been assigned to review the device for privileged communications specifically as it concerns privilege held by Murshid regarding communications with *his counsel*.  The government is in the process of preparing a Crime Fraud Motion for the Court regarding any other communications in Murshid's phone with the 1,700 contacts and the evidence seized from the Law Offices of D. Robert Jones.

Thus far, the government has provided approximately 225 GB of discovery to defense counsel.[1]  The volume of discovery provided to counsel will increase once the scanning of the records from the Law Office of D. Robert Jones is complete.  Thus, under Fifth Circuit precedent, it would be within the Court's discretion to designate this case as a complex case, and, in turn, the ends of justice would require a tolling of the Speedy Trial Act.

---

[1]  Of this 225 GB, approximately 59 GB was videos or recordings taken during the defendants' arrests or as a part of the investigation.

The Parties submit that, in addition to the complex nature of the investigation, the amount of discovery in this case requires further time for trial preparation by the defendants.  It is reasonable to believe that an analysis of this information, its admissibility and its impact on the case will take more than the 70-days allotted under the Speedy Trial Act.  Consequently, the Parties believe and represent to the Court that a continuance of this case of at least 100 days from its present trial setting of July 28, 2025, outweighs the best interests of the public and the defendants in a speedy trial.  While the Parties believe a continuance of at least 100 days is reasonable as of today, the Parties respectfully reserve the right to move for an additional continuance or continuances as the ends of justice permit.

The Parties' request is consistent with Fifth Circuit case law holding that a designation based on the volume of discovery and the complexity of the case is consistent with cases interpreting section 3161(h)(7).  *United States v.  Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002), *citing United States v.  Dota*, 33 f.,3d 1179, 1183 (9th Cir. 1994) (finding that "[a]n ends-of-justice continuance may be justified on grounds that one side needs more time to prepare for trial"); *United States v.  Wellington*, 754 F.2d 1457, 1467 (9th Cir. 1985) (upholding the complexity of a mail fraud prosecution as a proper ground for the granting of a continuance); *United States v.  Chalkias,* 971 F.2d 1206, 1211 (6th Cir. 1992) (upholding the grant of a continuance based on the complexity of an interstate cocaine conspiracy); and *United States v.  Thomas,* 774 F.2d 807, 811 (7th Cir. 1985) (upholding an ends-of-justice continuance based on the complexity of a fraud case with numerous defendants and thousands of financial documents).

**Parties' Joint Motion for Designation as**
**Complex Case, Tolling of Speedy Trial Provisions, and Motion to Continue – Page 5**

The Parties respectfully submit that a tolling of the Speedy Trial Act and a continuance of at least 100 days is appropriate in this case, based on the foregoing factors.

### III.    CONCLUSION

Based on the foregoing information, the Parties respectfully request that the Court issue a written Order finding that this case is so complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) that it is unreasonable to expect adequate preparation for pretrial or trial proceedings within the time limits of 18 U.S.C. § 3161.  The Parties additionally request that this Court continue the present trial setting of July 28, 2025, along with all pretrial deadlines to at least October 10, 2025.

Respectfully submitted,

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

*/s/ Edward L. Hocter*
EDWARD L. HOCTER
Assistant United States Attorney
Texas Bar No. 24121668
JONGWOO CHUNG
Assistant United State Attorney
North Carolina Bar No. 52070
TIFFANY H. EGGERS
Assistant United States Attorney
Florida Bar No. 0193968
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8600
Facsimile:  214-659-8805
Email: ted.hocter@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that on July 2, 2025, because this is a joint motion, the undersigned corresponded with Tim Menchu, attorney for defendant Muhammad Salman Nasir, Chris Knox, attorney for defendant Abdul Hadi Murshid, and Heath Hyde, attorney for the Law Offices of D. Robert Jones via email.  That is, counsel was provided with a copy of the Motion, and the defendants, through counsel, join in this Motion with the government. Defendant Reliable Ventures, Inc. has not retained counsel as of the date of this Motion and was not consulted.

*/s/ Edward L. Hocter*
Edward L. Hocter
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on July 2, 2025, I filed a true and correct copy of the foregoing Unopposed Motion to Modify Conditions of Release with the Clerk of Court using the electronic case filing system, which will then send a notification of electronic filing to Tim Menchu, attorney for defendant Muhammad Salman Nasir, and Chris Knox, attorney for defendant Abdul Hadi Murshid.

*/s/ Edward L. Hocter*
Edward L. Hocter
Assistant United States Attorney