IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:25-CR-222-S |
| v. | |
| ABDUL HADI MURSHID (01)<br>MUHAMMAD SALMAN NASIR (02)<br>RELIABLE VENTURES INC. (04) | |

### ORDER GRANTING JOINT MOTION FOR
### INTERLOCUTORY SALE OF REAL PROPERTY

Before the Court is the Joint Motion of the United States and Defendant Abdul

Hadi Murshid, Defendant Muhammad Salman Nasir, and Defendant Reliable Ventures,

Inc. (collectively, the "Parties") for an interlocutory sale of certain real property located

in Hunt County, Texas, pursuant to Federal Rule of Criminal Procedure 32.2(b)(7) and

Supplemental Rule G(7)(b).  Upon consideration of the Parties Joint Motion for

interlocutory sale of the property described as "All that lot or parcel of land, together with

its buildings, appurtenances, improvements, fixtures, attachments, and easements, located

at 1684 County Road 3318, Greenville, Texas 75402" (the "Property"), the Court finds as

follows:

1.      The Property is not in the physical custody of the United States Marshals

Service.  Instead, the Property is subject to a notice of *lis pendens* filed in this action,

which restrains transfer or encumbrance of the Property and provides notice of the

pending forfeiture proceedings.

2.      Pursuant to Supplemental Rule G(7)(b) of the Federal Rules of Civil Procedure for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Court has authority to order the interlocutory sale of property that is the subject of forfeiture proceedings where, as here, sale will preserve the value of the property and serve the interests of justice.  Although the Property has not been seized into government custody, the Court has jurisdiction over the res by virtue of the *lis pendens* and the consent of the Defendants.

3.      The Court further notes that Defendants Murshid and Nasir, in both their individual capacities and as directors of Defendant Reliable Ventures, Inc., have executed a written Consent and Authorization expressly agreeing to the interlocutory sale of the Property on behalf of themselves and on behalf of Defendant Reliable Ventures, Inc., which remains unrepresented by counsel.

4.      The Court finds that interlocutory sale is necessary and appropriate to prevent deterioration in value, to preserve equity, and to avoid waste, carrying costs, or diminution of the Property pending final disposition of this action.

Accordingly, it is hereby **ORDERED** that:

The United States is authorized to arrange for the interlocutory sale of the Property in a commercially reasonable manner.  The sale may be conducted through the real estate agent previously retained by the Defendants, provided that the terms of the listing agreement, broker's commission, and sales process are disclosed to and approved by the United States Marshals Service (or other designated custodian) to ensure that the sale is commercially reasonable and consistent with this Court's order.

Upon sale, the net proceeds (after payment of reasonable and necessary costs of sale, including broker's fees, taxes, and liens as the Court may approve) shall be deposited into the Seized Asset Deposit Fund (or other account designated by the United States) and shall stand in place of the Property, subject to the same *lis pendens* or further order of this Court.

The interlocutory sale authorized herein does not resolve the merits of the forfeiture claims or defenses of the parties, and all such claims and defenses are expressly reserved.

**SO ORDERED.**

SIGNED September 3, 2025.

KAREN GREN SCHOLER
**UNITED STATES DISTRICT JUDGE**