**UNITED STATES DISTRICT COURT**
**PROBATION AND PRETRIAL SERVICES**
**NORTHERN DISTRICT OF TEXAS**



| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:25-CR-00222-S (1) |
| | ) | |
| ABDUL HADI MURSHID | ) | |
| | ) | |

### Report of Violation of Conditions of Pretrial Release

COMES NOW Brandon Barnes, Senior U.S. Probation Officer, presenting an official report upon the conduct of defendant, Abdul Hadi Murshid, who was placed under pretrial supervision by the Honorable U.S. Magistrate Judge Rebecca Rutherford sitting in the Court at Dallas, Texas, on June 9, 2025, under the following conditions:

7(q)(i)(3) The defendant must participate in the location monitoring program and comply with the requirements as directed in subsection i, ii, and iii. Home Incarceration: You are restricted to 24-hours-a-day lockdown at your residence except for medical necessities, and court appearances or activities specifically approved by the court. On June 10, 2025, this condition was modified to allow the defendant to travel to and from their attorney's office freely for the purposes of discussing this case.

On June 23, 2025, the defendant's conditions were modified to substitute 7(q)(i)(3) for 7(q)(i)(2) in which the defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the pretrial services office or supervising officer.

The undersigned has information that the defendant has violated such conditions in each of the following respects:

On January 6, 2026, U.S. Probation Officer Morgan Petty, Eastern District of Texas Probation Office, notified this officer of the following location monitoring violations:

On July 13, 2025, an unauthorized leave alert was received at 08:43, followed by an unauthorized entry alert at 09:13. The location monitoring duty officer made several attempts to reach the defendant, who did not respond. Later, at 17:13, the defendant returned the officer's calls and claimed he had not left his residence during the alert period. He was admonished for not answering the phone and reminded that he must respond to all calls while under location monitoring to ensure his whereabouts can be confirmed. On September 17, 2025, an unauthorized leave alert was received at 04:30, followed by a subsequent alert for unauthorized entry at 04:36. The location monitoring duty officer made several attempts to reach the defendant, who did not respond. Later that day, at 16:00, the supervising officer managed to contact the defendant, who denied leaving his residence during the time of the alerts. He attributed his failure to answer the phone due to taking cold medicine. The defendant was reminded of the importance of responding to calls while under location monitoring to ensure his whereabouts can be confirmed. On September 21, 2025, the defendant was granted authorized leave for grocery shopping from 12:00 to 15:30. He provided a receipt showing he exited the grocery store at 12:12; however, he did not return to his residence until 15:30. The defendant admitted to his supervising officer that he had visited his girlfriend's residence during this time to see his newborn child and to go shopping for her. The defendant

was admonished and reminded that he is not permitted to engage in any other activities during an approved leave period.

On September 26, 2025, the defendant submitted a leave request from 19:00 to 23:00, citing a "job interview" as the reason. However, subsequent investigation revealed that the defendant's true intention was to discuss employment opportunities with his cousin while also attending a family reunion during the same timeframe. As a result of this dishonesty, the defendant was admonished, and the leave request was ultimately denied.

On October 15, 2025, the defendant was granted authorized leave for grocery shopping from 12:30 to 15:00. He provided a receipt showing he exited the grocery store at 13:04, yet he did not arrive back at his residence until 14:40. When the defendant was questioned by his supervising officer on October 20, 2025, he admitted that he had stopped at his girlfriend's home to spend time with their infant child on this way back. The defendant was admonished and reminded that he cannot engage in additional activities during an approved leave period and is restricted from visiting any residences other than his own.

On December 22, 2025, the defendant was granted authorized leave from 12:30 to 18:30 to travel from his residence in Little Elm, Texas, to Mary's Salon in Irving, Texas, for a hair and beard cut. Although he provided a receipt and a photo from the salon at 14:23, he did not return home until 18:11. On December 29, 2025, during a routine location monitoring review, USPO Petty attempted to contact the defendant several times for an explanation but received no response at 15:55 and 16:45, which constituted a violation of the Location Monitoring User Agreement Contract. The defendant eventually returned USPO Petty's call at 17:34, claiming he had been asleep after taking cold medicine. He was instructed to report to the U.S. Probation Office on December 30, 2025, to discuss location monitoring requirements. During this meeting, the defendant acknowledged that he had not returned home immediately after his approved leave and explained that he had gone to a hardware store in Denton, Texas, to purchase supplies to fix a leak. USPO Petty addressed that he had not been authorized to alter his leave plans and questioned the necessity of traveling approximately 35 miles in the opposite direction of his residence instead of using closer stores. The defendant could not provide any other explanation other than he deemed the plumbing issue an emergency. The defendant was admonished, the location monitoring program participant agreement and conditions were reiterated to ensure his understanding, along with the proper procedures for requesting additional leave or schedule changes.

Additionally, the defendant has had multiple unauthorized leave and unauthorized entry events on the following dates: June 19, 2025, June 29, 2025, July 17, 2025, August 21, 2025, August 31, 2025, September 18, 2025, September 19, 2025, September 20, 2025, October 13, 2025, October 21, 2025, October 29, 2025, November 27, 2025, December 13, 2025, December 19, 2025, December 24, 2025, and December 27, 2025. Each of these occurrences lasted less than 15 minutes, which led the location monitoring system to automatically close the alerts. Consequently, the supervising officer was not promptly informed, preventing real-time determination of any violations. Each event was subsequently addressed with the defendant, who maintained that he did not leave his residence without authorization. Additionally, no equipment issues were reported by the monitoring vendor in connection with these events.

The undersigned suggest to the court that a summons be issued, and the defendant appear before a judge of this court to determine whether the defendant's conditions of pretrial release should be revoked.

I declare under penalty of perjury that the foregoing is
true and correct.

Executed on January 21, 2026                    Approved,

s/Brandon Barnes                                s/LaToya Vaughn
  Senior U.S. Probation Officer            Supervising U.S. Probation Officer
  Prepared by Naomi Acosta                 214-753-2532
  U.S. Probation Technician

## Order

Having considered the report of the Probation Office pertaining to possible violations by defendant, Abdul Hadi Murshid, of his/her conditions of pretrial release, the court ORDERS that:

☐    No action be taken.

☐    The Order Setting Conditions of Release is modified to include the following:

☒    A summons be issued and the defendant appear before a judge of this court to determine whether his/her conditions of pretrial release should be revoked.

☐    A violator's warrant be issued, and the above-named defendant be arrested forthwith and brought before a judge of this court to determine whether his/her conditions of pretrial release should be revoked. Petition and warrant sealed and not be distributed to counsel of record until effectuated.

☐    The office of the U.S. Attorney for the Northern District of Texas file a motion to revoke the conditions of the defendant's pretrial release, consistent with the information contained in the foregoing Report, and take such steps as are necessary to present such motion at the hearing thereon.

☐    File under seal until further order of the Court.

Rebecca Rutherford
U.S. Magistrate Judge

January 22, 2026
Date